CASE 13.—PROCEEDINGS BETWEEN MATILDA N BARRETT
AND OTHERS, AND THE CONTINENTAL REALTY
COMPANY AND OTHERS TO COLLECT AN IN-
HERITANCE TAX.—October 27, 1908.

# Barrett, &c., v. Continental Realty Co., &c.

Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

SHACKELFORD MILLER, Judge.

From the judgment Barrett and others appeal.—Affirmed.

E. W. C. HUMPHREY and POPE NICHOLAS for appellants.

MASON BARRETT for appellee Continental Realty Co., &c.
JOSEPH SELLIGMAN for appellee Jefferson County.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The questions involved in this case being identical with those passed upon by this court in the case of Armilda U. Booth's Executor v. Commonwealth of Kentucky (this day decided), 113 S. W. 61, and the opinion in that case being conclusive of the rights of the parties in this, the judgment herein is affirmed.

ON PETITION FOR REHEARING—OPINION BY JUDGE SETTLE.

/e. deem it a sufficient response to the petition for rehearing to say the purpose of this action being to obtain a sale of the real estate left by Margaretta

Nicholas, deceased, and distribution of the proceeds among her heirs-at-law, as the heirs are collateral kindred, and the share of each in the estate distributed in excess of $500 was liable to the inheritance tax, it was proper for the court below to direct the payment of such tax before distributing the estate of the decedent.

While the act imposing the tax confers upon the county court jurisdiction to hear and determine questions arising in relation to the tax (Acts, 1906, pp. 246, 247, c. 22, sections 13, 14, 15) this jurisdiction is not exclusive. When the jurisdiction of a court of equity is invoked to distribute an estate, and the interest of each or any number of the heirs at law is subject to the inheritance or other tax, the court, at the instance of the official representative of the Commonwealth charged with the duty of collecting such tax, may require its payment out of the share or shares of those chargeable with the tax before distributing the estate or fund among them, and thereby save both the tax collector and the heirs the trouble and expense of a separate and independent proceeding in the county court to compel the payment of the tax.

We are of opinion, therefore, that the circuit court, in requiring of appellants payment of the tax due from each out of his or her interest in the decedent's estate, before its distribution, did not exceed its jurisdiction.

Wherefore the petition for rehearing is overruled.

Note by Reporter.—See Booth's Executor v. Commonwealth, Case 12 in this volume.