### STATE v. JONES et al.   (No. 2759.) *

(Court of Civil Appeals of Texas. Amarillo. Nov. 24, 1926. Rehearing Denied Jan. 5, 1927.)

**1. Constitutional law ⚌205(1) — Inheritance tax law, with exemptions based on value of property transmitted, held not in violation of constitutional provision against special privileges (Rev. St. 1925, art. 7117 et seq.; Const. art. 1, § 3).**

Rev. St. 1925, art. 7117 et seq., taxing property passing by will or laws of descent or by conveyance intended to take effect at death of grantor, and exempting property of lesser value in hands of recipient, *held* not in conflict with Const. art. 1, § 3, prohibiting special privileges, inasmuch as law provides tax on transmitting property which operates alike as to all persons within each class of recipients enumerated.

---

⚌For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted March 2, 1927.

**2. Taxation ⊜859(3)—Inheritance tax statute, exempting property of specified value, held not violative of Constitution, requiring taxation to be equal and uniform (Rev. St. 1925, art. 7117 et seq.; Const. art. 8, § 1).**

Rev. St. 1925, art. 7117 et seq., creating tax on property passing by death, which exempts property of specified value in hands of recipients, *held* not to violate Const. art. 8, § 1, providing taxation shall be equal and uniform, as tax provided for is not on property, but on privilege of receiving or transmitting property.

**3. Taxation ⊜859(2)—Inheritance tax held not in conflict with Constitution, requiring equality of occupation taxes (Rev. St. 1925, art. 7117 et seq.; Const. art. 8, § 2).**

Rev. St. 1925, art. 7117 et seq., providing tax on property passing on death, and providing certain exemptions, based on value of property transmitted, *held* not in conflict with Const. art. 8, § 2, requiring occupation taxes to be equal and uniform; succession tax being tax on right to receive or transmit property.

**4. Taxation ⊜859(1)—Inheritance tax, providing property exemptions, held not inconsistent with principles of taxation fixed in Constitution (Rev. St. 1925, art. 7117 et seq.; Const. art. 8, § 17).**

Rev. St. 1925, art. 7117 et seq., creating tax on property passing by death, *held* authorized under Const. art. 8, § 17, requiring taxes to be levied in manner consistent with principles of taxation fixed in Constitution, though inheritance tax law allows exemptions based on property value; inheritance tax not being property tax.

**5. Taxation ⊜856—Right to take property by will or descent is subject to legislative regulation.**

Right to take title to property by will or by law of descent is privilege created by law, and subject to legislative regulation and control.

**6. Taxation ⊜856—Inheritance tax need not be authorized by Constitution, provided it is not prohibited.**

Power of Legislature to impose inheritance tax need not be expressly granted by Constitution, and such tax may be enacted, if not prohibited.

**7. Taxation ⊜856—"Inheritance tax" is tax on privilege of transmitting or receiving property.**

"Inheritance tax" is tax on privilege of transmitting or receiving property after death, as distinguished from tax on property affected.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Inheritance Tax.]

**8. Taxation ⊜856—Tax on property passing by will or laws of descent or conveyance to take effect at death held tax on passing of property (Rev. St. 1925, art. 7117).**

Rev. St. 1925, art. 7117, taxing property which shall pass by will or laws of descent, or

by conveyance intended to take effect after death, *held* tax on privilege of transmitting or receiving property, and not tax on property affected.

**9. Taxation ⊜856—That inheritance tax is determined by value of property received does not make it a property tax.**

Inheritance tax, imposed by law, is not tax on property, because amount of tax is determined by value of property transmitted and received.

**10. Taxation ⊜856—Inheritance tax is not "property tax," though state is given lien for its payment.**

Fact that inheritance tax creates lien on property transmitted to secure payment thereof does not make it tax on property.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Property Tax.]

**11. Husband and wife ⊜273(1) — Wife, on husband's death, had equitable title to one-half undivided interest in real property deeded to husband.**

On death of husband to whom real estate had been deeded, wife had equitable title to one-half undivided interest therein.

**12. Taxation ⊜866—Where husband, having only community property, willed specific property to wife, title to one-half wife's interest did not pass by will so as to subject to inheritance tax.**

Where husband, having only community property, willed to wife specific property in lieu of her community interest in all property of husband's, property acquired by wife under will did not pass by will to extent of wife's one-half interest in such specific property, so as to be subject to inheritance tax.

**13. Wills ⊜782(4) — Where husband willed entire property, wife was required to elect to accept under will or claim community interest.**

Where husband, who owned only community property, devised specific property to wife in lieu of her interest in community property, intending to dispose of entire property by will, wife was put to election to accept under will or claim community interest.

**14. Wills ⊜800—Acceptance of benefit under will requires adoption of entire instrument so far as it concerns recipient.**

Person who accepts benefit under will must adopt whole contents of instrument so far as it concerns him, renouncing every right inconsistent with will.

**15. Wills ⊜781—To constitute taking under will, interest of electing donee sought to be withdrawn must be compensated by free disposable interest under will.**

To constitute taking under will, some free disposable property must be given electing donee which can become compensation for interest which testator has sought to withdraw.

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**16. Wills ⟨⟩781—Compensation to donee under will need not be equivalent of value of interest in testator's property to constitute taking under will.**

Compensation given under will need not be equivalent to value of donee's interest in testator's property of which he is deprived, in order to constitute taking under will.

**17. Wills ⟨⟩800—Specific property devised to wife in lieu of one-half undivided interest in community property passed under will to extent of one-half interest.**

Where all of husband's property was community property, in which wife had one-half undivided interest, specific property devised by husband in lieu of community interest, and accepted by wife, passed to wife under will to extent of undivided one-half interest; specific property given being compensation for loss of community interest.

**18. Taxation ⟨⟩866 — Where all husband's property was community property, one-half of specific property, which wife took under husband's will, held subject to inheritance tax (Rev. St. 1925, art. 7117 et seq.).**

Where husband, owning only community property, devised specific property to wife, to be received by her in lieu of community interest, one-half interest in specific property which wife elected to take under will passed by will, and was subject to payment of inheritance tax under Rev. St. 1925, art. 7117 et seq.

**19. Dower ⟨⟩1—"Dower" is wife's interest in real estate which vests at husband's death.**

"Dower" is right in real estate, which becomes invested in wife on death of husband.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Dower.]

**20. Dower ⟨⟩38—Every devise of land of husband to which wife's dower right attaches is presumed to be made subject to dower right.**

Wife's dower interest is beyond husband's power of disposition; every devise made by husband on land on which dower right attaches being presumed subject to dower right, unless contrary appears.

**21. Taxation ⟨⟩878(1)—Where husband's estate was wholly community property, insurance policy payable to estate is community property as regards payment of inheritance tax.**

Where insurance policy upon life of husband was payable to estate, and entire property of estate was community property, it is presumed that premiums on policy were paid out of community estate, and that policy was community property, one-half of which belonged to wife, as regards payment of inheritance tax.

Appeal from District Court, Lubbock County; Clark M. Mullican, Judge.

Suit by the State against J. M. Jones and Florence Jones as executors of the will and estate of E. M. Jones, deceased, and against Florence Jones individually. Judgment for defendants, and plaintiff appeals, and defendants filed cross-assignments of error. Judgment reversed and rendered.

Dan Moody, Atty. Gen., Ernest May, Asst. Atty. Gen., and O. W. McWhorter, Co. Atty., of Lubbock, for the State.

Wilson & Randal and J. I. Kilpatrick, all of Lubbock, for appellees.

JACKSON, J. This suit was instituted by the state of Texas, in the district court of Lubbock county, against J. M. Jones and Florence Jones, as independent executors of the will and estate of E. M. Jones, deceased, and against Florence Jones individually, to recover inheritance taxes claimed to be due under chapter 5, title 122, of the Revised Civil Statutes of 1925.

The state alleged that E. M. Jones died the 2d day of June, 1924, possessed of real and personal property, which, by his will duly probated July 31, 1924, passed to Florence Jones and others; that certain real estate which is fully described in the petition and the proceeds of a life insurance policy in the sum of $10,000, issued on the life of the deceased, and payable to his estate, were, by the will, bequeathed to Florence Jones, the wife of the deceased, "in lieu of her community and dower interest in all other property, and with request that she accept the same in lieu of her community and dower interest"; that Florence Jones elected to, and did, accept the benefits under the will rather than claim her community interest; that the deceased named her and J. M. Jones independent executors of the will, with full authority to take possession of, manage, control, sell, and convey any part of the estate, which is still managed and controlled by them; that J. M. Jones, as such executor, on the 10th day of April, 1925, filed his verified report appraising the estate for inheritance tax purposes, which was duly recorded and approved by the proper authorities, and the inheritance tax on the bequests made to Florence Jones ascertained to be $3,418.34, which was properly certified to her and the executors, and under the law a lien was created upon said property to secure the payment of said sum; that the executors and Florence Jones individually have refused to pay said taxes, for which judgment and foreclosure of its lien against said property is sought.

The defendants answered by general demurrer and special exceptions, attacking the constitutionality of the inheritance law under which the state sought to maintain its suit; pleaded general denial, the unconstitutionality of the law, and specially that all the property was the community property of Florence Jones and her deceased husband, E. M. Jones; that she owned absolutely an undivided one-half interest in all of said property prior to and at the time of her husband's death; that the total value of the communi-

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ty property, as fixed by the county judge of Lubbock county, and approved by the comptroller of the state, was $335,246; that the undivided interest which Florence Jones owned absolutely in fee simple amounted to $167,623; that said undivided interest was no part of the estate of E. M. Jones, deceased, was not subject to an inheritance tax; and that the appraisement and report for inheritance tax purposes covered the undivided half of the property belonging to the estate of the deceased, and after the deductions allowed by law, said half amounted to $164,874.91, upon which the inheritance tax claimed by the state had been paid by the other legatees; that, in accepting the specific tracts of land devised to her, she did not receive any free disposable property of the estate of E. M. Jones; that she did not receive her title by inheritance nor under the will, as she was the absolute owner thereof at the time of the death of her husband; and that thereafter, to carry out his wishes, she exchanged her undivided one-half interest in the other community property for the undivided one-half interest of the estate of E. M. Jones in the property received by her; that the proceeds of the life insurance policy originally payable to the estate were bequeathed to her, and under the law she became beneficiary in said policy, and the estate had no interest therein; that, if mistaken in this, then the premiums on the policy were paid out of the community estate, and one-half of the proceeds belonged to her.

The case was submitted to the court on an agreed statement of facts, and judgment was rendered that the appellant, the state of Texas, take nothing by its suit, and that the appellees go hence with their costs, from which judgment this appeal is prosecuted.

The agreed statement of facts discloses that E. M. Jones and the defendant, Florence Jones, were married on the 7th day of September, 1879, and continuously lived together as husband and wife until the death of E. M. Jones on June 2, 1924; that E. M. Jones died, leaving a will, which was duly admitted to probate on July 31, 1924, and letters testamentary were issued to Florence and J. M. Jones, as independent executors of the will, and they qualified as such the same day; that on the 10th day of April, 1925, J. M. Jones, as such executor, filed his verified report for inheritance tax appraisement under the inheritance tax law; that on May 18, 1925, the county judge of Lubbock county entered an order assessing the inheritance tax against the various beneficiaries of the will, which order was examined and approved on May 21, 1925, by the comptroller of public accounts of the state of Texas; that the other devisees under the will paid the inheritance tax assessed against each of them by said order; that all the real estate and personal property listed in the affidavit and report was community property, and

Florence Jones had an undivided one-half interest therein; that the deceased during his lifetime carried a life insurance policy for $10,000, payable to his estate, and that by his will the proceeds of said policy were bequeathed to Florence Jones; that she accepted the property devised to her under the will, and has claimed no other of said community property since the death of her husband; that the costs of administration aggregated the sum of $818.50, one-half of which was charged against Florence Jones, and no allowance was made for said items in fixing the amount of the inheritance tax; that the tax assessed against Florence Jones was $3,418.34, and no part thereof has been paid.

To the agreed statement of facts are attached a copy of the will, a copy of the affidavit of J. M. Jones as executor for inheritance tax appraisement, a copy of the order fixing the inheritance tax by the county judge, and of the approval thereof by the state comptroller.

The will, after describing each tract of land and the $10,000 life insurance policy devised to Florence Jones, the wife of the testator, provides:

"The above bequests are made to my said wife in lieu of her community and dower interest in all other property, and with request that she accept the same in lieu of her community and dower interest."

[1] We will first consider the cross-assignments of error presented by appellees in which they challenge the validity of our inheritance tax statutes, urging that said statutes are in conflict with, and contravene, article 1, § 3, and article 8, §§ 1, 2 and 17, of our Constitution.

Article 1, § 3, reads:

"All free men, when they form a social compact, have equal rights, and no man, or set of men, is entitled to exclusive separate public emoluments, or privileges, but in consideration of public services."

[2] As affecting appellees' contention, article 8, § 1, provides that—

"Taxation shall be equal and uniform. All property in this state, * * * shall be taxed in proportion to its value."

[3] And section 2 requires that occupation taxes shall be equal and uniform.

[4] Section 17 provides:

"The specification of the objects and subjects of taxation shall not deprive the Legislature of the power to require other subjects or objects to be taxed, in such manner as may be consistent with the principles of taxation fixed in this Constitution."

[5, 6] The right to take title to property under a will, or by the law of descent and distribution, is not an inherent right, but a privilege created by law, and subject to legislative regulation and control, and the power

to impose an inheritance tax need not be expressly granted by the Constitution of the state, but it is sufficient if not prohibited by some constitutional provision. 4 Cooley on Taxation, par. 1725, and authorities cited; Rodman v. Commonwealth of Kentucky, 130 Ky. 88, 113 S. W. 61, 33 L. R. A. (N. S.) 592, and notes. English v. Crenshaw, 127 Am. St. Rep. notes, subdivision II, page 1042; and notes to Nunnemacher v. State of Wisconsin, 9 L. R. A. (N. S.) 121; 26 R. C. S. p. 199, par. 169.

In our opinion, section 17 of article 8, quoted above, is sufficiently comprehensive to affirmatively authorize the state to enact and enforce inheritance tax laws; but, if not, certainly there is nothing contained in the sections relied upon by appellees, nor in any other provision of the Constitution, which prohibits the state by its Legislature from passing a valid inheritance tax statute.

[7] "An inheritance tax is a tax on the privilege of transmitting or receiving property after death as distinguished from a tax on the property affected. It is a tax on the privilege of succeeding to the inheritance or of becoming a beneficiary under a will." Cooley on Taxation, par. 1721, and authorities cited. 26 R. C. L. p. 196, par. 167.

The law as thus announced is not controverted by appellees, but they insist that our statute levies and imposes a tax, not on the privilege of receiving or transmitting, but upon property in the hands of a recipient over and above a specified amount. and exempts from its provisions in the hands of a recipient property of a lesser value, and hence is invalid, because, under the express direction of the Constitution, a tax must cover each species of property undertaken to be taxed, and there can be no exemption of any class from the operation of the law; such exemption constituting class legislation, which is prohibited by the Constitution.

In the caption to the bill the law is described as "An act to tax property passing by will or by descent, or by grant or gift taking effect on the death of the grantor or donor."

Article 7117 of the Revised Civil Statutes of 1925, eliminating the verbiage unnecessary to a consideration of appellees' contention, reads:

"All property within the jurisdiction of this state, real or personal, * * * and any interest therein, * * * which shall pass absolutely or in trust by will or by the laws of descent or distribution, * * * or by deed, grant, sale or gift, * * * intended to take effect in possession or enjoyment after the death of the grantor or donor, shall upon passing to or for the use of any person, * * * be subject to a tax for the benefit of the state's general revenue fund in accordance with the following classifications."

Each of the five succeeding articles of the statutes designates a class of persons affected by the law, and each article operates alike upon all persons, either natural or artificial, enumerated therein. Each of said five succeeding articles begins, "If passing to," and then specifies the persons, the exemptions, and provides the per cent. of taxation on the value of the property taxed passing to the persons in each class.

[8] It is obvious from the verbiage, tenor, and scope of the entire law that the intention of the Legislature was to provide for the imposition and collection of a tax on the privilege of succession. The phraseology in the caption and in the articles of the statutes is, we think, conclusive that the tax is imposed upon the passing of the property—the privilege of transmitting or receiving property intended to be possessed and enjoyed after the death of the grantor or donor. Dodge v. Youngblood (Tex. Civ. App.) 202 S. W. 116; Rodman v. Commonwealth of Kentucky, 130 Ky. 88, 113 S. W. 61, 33 L. R. A. (N. S.) 592; Magoun v. Ill. Trust & Savings Bank et al., 170 U. S. 283, 18 S. Ct. 594, 42 L. Ed. 1037; Farkas v. Smith, 147 Ga. 503, 94 S. E. 1016.

[9, 10] A tax imposed by law is not a tax on property, because the amount of the tax is determined by the value of the property transmitted and received (Kingsbury et al. v. Chapin, 196 Mass. 533, 82 N. E. 700, 13 Ann. Cas. 738) nor because a lien is created on the property to secure the payment of the tax (State v. Ferris, 53 Ohio St. 314, 41 N. E. 579, 30 L. R. A. 218).

We are of the opinion that our inheritance tax statutes are not in conflict with any provision of the Constitution of the state, and appellees' cross-assignments are therefore overruled

The appellant assigns as error the action of the court in rendering judgment against it and in favor of the appellees because the uncontroverted facts show that the deceased attempted to dispose of the entire community estate by his will; that appellee Florence Jones was therefore, required to elect to take under the will or to claim her community interest in the entire property; that she elected to, and did, accept under the will, and hence the property devised to her by the will passed to her thereunder; that the tax against the property devised to her had been legally and correctly ascertained, and the state was entitled to a judgment for the tax and a foreclosure of its lien.

Appellees in reply to this contention say that, inasmuch as the entire property was community property, and Florence Jones, at and prior to her husband's death, owned in fee simple an undivided one-half interest therein, she did not receive title to any property by will or by descent, and, in accepting under the will, she acquired no free disposable property, but in effect exchanged her community interest in the whole property for the specific property devised to her in the will.

Under the agreed statement there is no fact controversy. The property was the community property of the deceased and Florence Jones. The deceased undertook to dispose of all of said property by will. The wife, Florence Jones, elected to, and did, take under the will. The value of the entire property as determined by the county judge, and approved by the comptroller, after the deductions allowed by article 7125, R. C. S. 1925, was $335,246, and of this amount, as ascertained by the county judge and approved by the comptroller, the property devised to the wife constituted $172,278. The remainder was devised to the five children, the other devisees in the will.

[11, 12] The real estate was deeded to E. M. Jones, the deceased, and at his death Florence Jones had the equitable title to a one-half undivided interest therein (Patty v. Middleton, 82 Tex. 586, 17 S. W. 909), and had she claimed her community interest, and refused to accept under her husband's will, neither she nor her community interest would have been subject to the inheritance tax; and, while her equitable title to her undivided one-half interest in the specific property devised to her was converted into a legal title, in our opinion her title to her said one-half interest in said specific property did not pass by the will, and was therefore not subject to an inheritance tax. Kohny v. Dunbar, 21 Idaho, 258, 121 P. 544, 39 L. R. A. (N. S.) 1107, Ann. Cas. 1913D, 492; In re Estate of Williams, 40 Nev. 241, 161 P. 741, L. R. A. 1917C, 662.

[13] The husband in his will, after devising to his wife specific property, requested that she accept said specific property in lieu of her interest in all of the community property. The manifest intention of the testator was to dispose of the entire property by will, and the wife was put to her election either to accept under the will or to claim her community interest. She elected to, and did, accept under the will.

[14-16] " 'The principle of election is that he who accepts a benefit under a will must adopt the whole contents of the instrument, so far as it concerns him, conforming to its provisions, and renouncing every right inconsistent with it.' Philleo v. Holliday, 24 Tex. 45. 'Some free, disposable property must be given to the electing donee which can become compensation for what the testator sought to take away.' Bigelow, Estop. 645. The compensating thing, however, need not be the equivalent in value of that taken from the person put upon her election." Smith v. Butler et al., 85 Tex. 126, 19 S. W. 1083.

[17, 18] The title to the one-half undivided interest in the specific property devised belonging to the estate of the deceased, which Florence Jones received under the will, passed to her by the will, and vested in her free disposable property as "compensation for what the testator sought to take away." Did this render the value of the one-half undivided interest of the specific property belonging to the estate, which was devised to her and to which she received title by will, subject to inheritance taxes?

In determining whether or not a legacy given by the husband to his wife by will was in lieu of her dower, under a statute which imposed an inheritance tax upon all property transferred by will, the court of New York, in Re Riemann's Estate, 42 Misc. Rep. 648, 87 N. Y. S. 731, after stating that a dower right is an interest in land and not subject to a tax or to disposition by the testator, and passes to the widow regardless of the laws governing the disposition of the property of a decedent by will, holds that, notwithstanding the strong equitable reasons in favor of giving to a dower right immunity from the tax, such immunity is not permissible because of the statute, quoting:

"In Matter of Gould, 156 N. Y. 423, 51 N. E. 287, the principle is broadly stated, viz.: 'It matters not what the motive of the transfer by will may be—whether to pay a debt, discharge some moral obligation, or benefit a relative for whom the testator entertains a strong affection—if the devise or bequest be accepted by the beneficiary, the transfer is made by will, and the state, by the statute in question, makes a tax to impinge upon that performance.'

"This case must therefore be authority that the appellant could have refused to accept the legacy given to her in lieu of dower under the will, in which event, whatever the value of dower may have been, it could not have been taxable under the transfer tax act [Laws 1896, c. 908] since it would be a transfer by will; but the moment the appellant accepted the provision under the will in lieu of her dower a tax under and by virtue of the transfer tax act immediately attached upon that performance, and by her acceptance of the legacy for her dower she released all claim to her dower and to every right which she would have under the same."

In State v. Lane et al., 134 Ark. 71, 203 S. W. 17, the Supreme Court of Arkansas, in construing a statute imposing an inheritance tax upon all property transferred by will, holds that, although the dower right of the widow was not subject to the inheritance tax under their law, if the wife accepts under the husband's will a bequest in lieu of such dower, the property so accepted is subject to the tax.

In construing the statute of Utah which imposes an inheritance tax upon all property which shall pass by will, the Supreme Court of that state, in Re Osgood Estate, 52 Utah, 185, 173 P. 152, L. R. A. 1918E, 697, in a well-considered opinion, holds that, notwithstanding the wife is entitled to one-third of the value of her husband's real property, which shall be set apart as her property in fee simple, if she survive him, she may waive her statutory right and take under his will.

and. if "the husband makes provision in his will for his widow, and she elects to waive or to relinquish her right * * * and elects to take under the will, she then assumes precisely the same relation to the husband's estate as any other legatee or devisee under the will."

By a majority opinion, the Supreme Court of Utah in Re Kohn's Estate, 56 Utah, 17, 189 P. 409, again announces the same doctrine. See, also, Billings v. People of the State of Ill., 189 Ill. 472, 59 L. R. A. 807; Connell v. Crosby, 210 Ill. 380, 71 N. E. 350; Hill v. Treasurer, 227 Mass. 331, 116 N. E. 510.

[19, 20] While none of these decisions are from jurisdictions having the .community property system, "dower" is a right in real estate which becomes vested in the wife on the death of her husband, and is beyond his power of disposition because it is not his to give, and every devise which he makes of land. upon which the dower right attaches is presumed to be given subject to such dower right, unless the contrary appears. It is admitted in this case that the husband intended to dispose of the entire community property, and that the wife consented to his disposition thereof by will. Nagle v. Tieperman, 74 Kan. 32, 85 P. 941, 88 P. 969, 9 L. R. A. (N. S.) 674, 10 Ann. Cas. 977; Chrisman v. Linderman, 202 Mo. 605, 100 S. W. 1090, 10 L. R. A. (N. S.) 1205, 119 Am. St. Rep. 822; 19 C. J. 460, par. 11.

[21] The $10,000 insurance policy upon the life of the deceased was payable to the estate, and, the entire property being community, and no evidence of any separate property owned by the husband, the presumption is that the premiums on the policy were paid out of the community estate, and it was therefore community property, one-half of which belonged to the wife. Martin v. Moran, 11 Tex. Civ. App. 509, 32 S. W. 904; Lee v. Lee, 112 Tex. 392, 247 S. W. 828.

We conclude, therefore, that the value of the one-half undivided interest of the specific property given to the widow by the will, to which, under our law, she had the equitable right, did not pass by will, and is not subject to the inheritance tax, but that the undivided interest of said specific property belonging to the estate of E. M. Jones, deceased, devised to his wife and accepted by her, did pass by will, and is subject to the payment of the inheritance tax.

The amount of the tax on the value of the entire property received by the wife, Florence Jones, as revealed in the order of the county judge and approved by the comptroller, is $3,418.34. There is no controversy about the value of the property so received or the correctness of the amount of taxes so determined, provided the tax claimed by the state is collectable under the law and the facts as disclosed by the record.

If we are correct in our conclusion that the title to one-half the property devised to Florence Jones passed by the will, she would owe the state, as inheritance taxes, one-half of the above amount.

The judgment of the district court is reversed and here rendered that the appellant, . the state of Texas, have and recover of the appellees one-half of the aforesaid amount as inheritance taxes, with interest thereon as provided in article 7134 of the Revised Civil Statutes of 1925, with a foreclosure of its. lien to secure the payment thereof on the property which we hold passed to appellee: Florence Jones under the will.

### On Motion for Rehearing.

The amount which we held that the appellant was entitled to recover in the original opinion, and for which judgment was rendered in this court, was erroneous. The value of the property which the deceased undertook to devise to Florence Jones, as ascertained by the court and approved by the comptroller, was $172,278. One-half of this amount, or $86,139, passed to her under the will; $25,000 of this sum was exempt from taxation under the statutes, leaving a balance of $61,139, upon which the tax due the state would be the sum of $972.72.

Appellees' contention, in their motion for rehearing that the amount be allowed appellant to recover in the original opinion is excessive, is granted.

The former judgment of this court is therefore set aside, and the judgment of the district court is reversed and here rendered that appellant, the state of Texas, have and recover of and from the appellees the sum. of $972.72, together with interest thereon. from this date as provided in article 7134 of the Revised Civil Statutes of 1925, with a. foreclosure of its lien to secure the payment thereof on the property passing to appellee Florence Jones under the will.

The respective motions of appellee and appellant for rehearing are in all other things. overruled.