ADAM KIEFER, Appellant, v. EDWARDS M. GILLETT, CORA L. GILLETT, EDWARDS M. GILLETT, Administrator of the Estate of Emma L. Gillett, Deceased.

Wills: DOWER. Under section 2452 of the Code of 1873, an ac-
1    ceptance of the provisions of a will did not bar the wife's dower right unless the will so expressly provided, or there was an inconsistency between such right and the provisions of the will.

Dower: CONSTRUCTION OF WILL. Testator bequeathed to his wife
2    and daughter the use of his farm so long as they desired to manage it, but if it should be sold, the proceeds were to be divided equally between the wife and his two children "the part so given to my wife to be in lieu of her dower". The wife died without any disposition of the farm. Held, the provision "in lieu of dower" related to a disposition of the

proceeds of the sale of the farm; that the provisions of the will were not inconsistent with her right to dower in the land, and that she became the owner of a one-third interest in the land which upon her death was subject to her debts.

*Appeal from Buchanan District Court.*—HON. A. S. BLAIR, Judge.

FRIDAY, APRIL 10, 1903.

ACTION in equity to subject an interest in certain real estate, alleged to have been the property of one Emma L. Gillett, to the payment of a claim against her estate. The lower court dismissed plaintiff's petition, and plaintiff appeals.—*Reversed.*

*Cook & Leach* for appellant.

*Springer & Smith* for appellees.

McCLAIN, J.—In 1887 one Albertus Gillett died, leaving a will, the portions of which so far as necessary to an understanding of the present controversy are as follows:

"I give and bequeath to my daughter, Cora L., one thousand dollars, to be paid out of my personal property.

"I give and bequeath to my beloved wife, Emma L., all my household furniture and all the rest of my personal property, after paying the legacy already named to my daughter, Cora L.

"I also give and bequeath to my wife, Emma L., and my daughter, Cora L., the use of my farm, consisting of two hundred acres of land, together with the buildings and improvements on the same; so long as they may wish to manage the same, either by renting or hiring hands to work the same, but if they should not wish to so manage it, either by renting it or hiring hands to work the same, then it shall be sold and the proceeds therefrom shall be divided

equally between my wife, Emma L., my daughter, Cora L., and my son, Edwards M.; the part so given to my wife to be in lieu of her dower."

In 1888 Emma L. Gillett was appointed executrix of said will on her application, and in 1893 she was granted a final discharge; it appearing in the meantime that sufficient personal property had been collected to pay the devise to Cora L. Gillett. The proceedings show no disposition whatever of the real estate mentioned in the will. In 1900, Emma L. Gillett died. Cora L. Gillett and Edwards M. Gillett, who are made defendants in this action, are the children of Emma L. Gillett and Albertus Gillett, already referred to. Edwards M. Gillett is also defendant as administrator of his mother's estate. Plaintiff has filed a claim against the estate, and seeks to subject to the payment thereof a one-third interest in the real property mentioned in the will of Albertus Gillett; contending that Emma L. Gillett died seised of that interest, either as a dower interest therein, or by the provisions of the will. A construction of the effect of the will upon the dower interest will dispose of the controversy involved in the present case.

By section 2452 of the Code of 1873, which was in force at the time of the death of Albertus Gillett, and until after the discharge of his widow as executrix, it is provided as follows: "The widow's share cannot be affected by any will of her husband, unless she consents thereto within six months after notice to her of the provisions of the will by the other parties interested in the estate, which consent shall be entered on the proper records of the district court." Under this Code provision it was held in many cases, and without conflict as to the general rule to be applied, although with some difficulty as to the application of the rule in particular instances, that the acceptance of the provisions of the will did not bar the wife's dower right,

I. DOWER.

unless the will so expressly provided, or there was some necessary inconsistency between the dower right and the provisions of the will. These cases need not be cited, as the rule is well understood. It is to be noticed that such rule is no longer in force, having been expressly changed by section 3270 of the present Code.

Conceding that the widow accepted the benefits of the will as above set out, the question is whether there was any inconsistency between the benefits derived by the widow from the will and her dower interest, which would amount to an election on her part to release such dower interest. The devise of all the personal property of the deceased after paying the legacy to the daughter Cora was not inconsistent with a distributive share in the personalty, inasmuch as what was given to the widow by way of devise was greater than the share she could have taken in the personal property had there been no devise to her. The only possible contention that the interest of the widow under the will was in lieu of dower must be based on the words "the part so given to my wife to be in lieu of her dower." But it will be noticed that these words are used immediately following and in connection with the power given in a certain event to sell the real estate, and divide the proceeds equally between the widow and the two children. Those words have evidently reference only to such sale and distribution. If the real estate had been sold under the provisions of the will, and the proceeds distributed, the widow receiving one-third, then that share was to be in lieu of her dower interest. But as nothing was done towards carrying out this provision, and the estate was wound up and the executor discharged without a sale of the land, it necessarily results that, whether we regard the will as impliedly giving to the widow and each of the two children one-third of the real estate by way of devise, or as leaving the real estate to be treated as property undisposed of by the will

*2. DOWER: construction of will.*

in the event that there should be no sale and distribution of the proceeds, the widow became the owner in fee simple of a one-third interest in this real property. Such one-third interest is, of course, subject to the payment of valid claims against her estate, and plaintiff is therefore entitled to have it subjected to the payment of his claim.

The decree of the lower court was erroneous, and the case is remanded for a decree in accordance with this opinion.—REVERSED.