MARY J. JONES ET AL. V. CHARLES G. JONES, Appellant.

**Wills:** ELECTION BY WIDOW: ESTOPPEL TO CLAIM DISTRIBUTIVE SHARE. Under the provision of section 2452, Code 1873, a widow's interest in the estate of her husband could not be affected by any provision of his will, unless she clearly and unequivocally consented thereto and such consent was made a matter of record; and no declaration or act of hers relative to the property, short of a statutory election, could operate to deprive her of her distributive share, or defeat her disposition thereof by will.

*Appeal from Iowa District Court.*— HON. O. A. BYINGTON, Judge.

MONDAY, FEBRUARY 17, 1908.

ACTION in equity to quiet title. Decree for the plaintiffs, from which the defendant appeals.— *Reversed.*

*Yoss & Wallace,* for appellant.

*J. M. Dower, C. Hedges,* and *Wade, Dutcher & Davis,* for appellees.

SHERWIN, J.— In 1896 John W. Jones died testate in Iowa county, seised of the land described in the petition. He left surviving him Martha Jones, his widow, and Mary Jane Jones, his only daughter. His will provided as follows, so far as the same is material to the controversy now before us:

I give and devise all my real and personal estate to my beloved wife, Martha Jones, to be used and enjoyed by her during the term of her natural life, and from and immedi-

ately after her death or decease, I give and devise the same to my beloved daughter Mary Jane Jones to be used and enjoyed by her during the term of her natural life, and from and immediately after the decease of the said Mary Jane Jones, I give, devise and bequeath the same forever to the children the issue of said Mary Jane Jones, to be equally enjoyed by them, share and share alike. And I do hereby appoint my wife, Martha Jones, sole executrix (without bond) of this my last will and testament, with liberty and full license if she thinks fit to sell and dispose of any or the whole of my real and personal estate and to loan the proceeds thereof at interest secured by bond and first mortgage on real estate. The aforesaid principal and interest the proceeds of my real and personal estate as before stated, I give and devise to my wife, Martha Jones, to be used and enjoyed by her during the term of her natural life, and immediately after her death or decease, I give and devise the same to my beloved daughter, Mary Jane Jones, to be used and enjoyed by her during the term of her natural life.

The will was duly probated, and the widow qualified as executrix, and proceeded to settle the estate, but she had not fully settled it before her death in December, 1903. Martha Jones made two wills, one on the 5th of July, 1900, in which she devised her distributive share in the land involved herein to the defendant, and the other on the 30th day of August, 1900, in which she devised said distributive share to her daughter, Mary J. Jones. Both wills were offered for probate. Charles G. Jones, the defendant herein, filed objections to the will of August 30th, and, on a trial of the issues joined thereon, the will was sustained. Upon appeal, the judgment was reversed, and the case sent back for retrial. Before a retrial was had, however, this suit was brought. A demurrer to the petition was overruled, and, the defendant electing to stand on the demurrer, judgment was rendered against him.

Count one of the petition set forth the material portions of the will of John W. Jones, alleged its probate, and further

alleged that said Martha Jones " elected to take the share devised to her in the will of her husband; that she occupied and received the benefit of all the foregoing described real estate of which her husband died seised during the remainder of her life in lieu of her dower interest therein." Count one was afterward amended by the allegation " that, so far as the plaintiffs are informed, the said election of said Martha Jones to take the share devised to her in the will of her husband was not formally made in writing and filed in the office of the clerk of this court, but avers that said election was made by her acts and conduct." The amendment then states that she joined in mortgages on the whole of the real estate and filed reports as executrix, in which she took no exception to the provisions of said will concerning her share as widow; and, further, that she, at divers times and to divers persons, stated that she made no claim to her husband's estate, other than a life estate. The amendment refers to and makes a part thereof paragraph three of count two of the petition, in which it is alleged that Martha Jones caused an application for the setting aside of her dower interest in the estate of her husband to be withdrawn, disclaiming any knowledge of the application.

In count two of the petition, it is alleged that Martha Jones had full possession of the estate of her husband, and received the full use and benefit thereof, and frequently expressed her satisfaction with the terms of his will, and said that she wanted nothing more, and that upon her death it was to go to her daughter, Mary J. Jones; that, by and with the consent of Mary J. Jones and the court, she mortgaged said real estate to secure a loan of $900, which sum was to be used in paying her individual debts, and that said money was so used; that the consent of Mary J. Jones was given thereto, relying upon the assumption that Martha Jones had only a life estate in said property, and that she and her children had the remaining interest; that another loan was subsequently made and a mortgage

given therefor under practically the same conditions; that Martha Jones failed to pay said mortgages, and they remain existing liens on said land. It is further alleged in said second count that, as executrix of the estate of her husband, she had full knowledge of the contents of his will, and filed the usual reports and papers in said estate, in all of which she recognized and accepted the provisions of said will and her life estate therein in lieu of her statutory right. Reference was then made to the proceedings in said estate, and it was further alleged that, by reason of the acts and conduct of Martha Jones, " plaintiffs at all times relied upon their interest in said real estate as above stated, all of which was with her knowledge and consent "; that by reason of all which " said Martha Jones was at the time of the execution of said pretended last will and testament and application for setting apart her pretended dower interest, and at the time of her death, barred and estopped from having or claiming any interest in said real estate whatever, other than a life estate."

At the time the will of John W. Jones was probated, section 2452 of the Code of 1873 was in force, and it was therein provided: " The widow's share cannot be affected by any will of her husband, unless she consents thereto within six months after notice to her of the provisions of the will by the other parties interested in the estate, which consent shall be entered on the proper records of the Circuit Court." Section 2452 has often been considered by this court, and it has been the uniform holding that the election therein provided for must in all cases be made of record in the probate court. *Baldozier v. Haynes,* 57 Iowa, 683; *Byerly v. Sherman,* 126 Iowa, 447; *Houston v. Lain,* 62 Iowa, 291. Under the statute in question, it is not necessary that the election be made in writing, or that it be in any particular form or language. It is enough if there is a clear and unequivocal election which is entered on the proper record. See cases *supra.* An election not entered on the record is of no effect, and it matters not what the conduct of the widow relative to the property

may have been if it falls short of an election of record. As we understand the appellee's argument, this is now conceded, and it is also conceded therein that "there was no record entry according to the statute." The petition wholly fails to allege a record election or to plead facts from which such an inference could be drawn, and the concession of counsel eliminates the question of an election from the case.

The question whether the provisions of the will granting a life estate are inconsistent with the widow's right to her distributive share under the statute is argued, but our view of the other controlling questions renders the consideration of that unnecessary. The appellees contend that, on the facts pleaded by them, Martha Jones was estopped from claiming more than a life estate. The express provisions of the statute in question cannot be evaded or nullified by a plea in estoppel. *Byerly v. Sherman, supra.* If an election was necessary, it could be made in but one way, and that the way pointed out by the statute. To hold that declarations and acts inconsistent with the claim for a distributive share under the statute will create an equitable estoppel would in our judgment be a judicial repeal of the statute. The only possible case in which the doctrine of estoppel could be invoked would be a case where no election was necessary, and where the widow had so treated the property as to mislead other interested parties to their prejudice. Appellees rely upon *Goldizen v. Goldizen,* 107 Iowa, 280, to support their contention that an estoppel should be declared on the facts pleaded here. But that case falls far short of sustaining their position. There it seems to have been conceded that the widow was entitled to take both under the will and under the statute, yet she treated the property as passing under the will, and based her right thereto and control thereover on that theory alone. She sold to the defendant all the land not specifically devised to her, and did not at the time claim or assert any claim or right of dower or distributive share of the land in controversy. She not only received pay for the same, but

encouraged the defendant to and he did sell the land and received pay therefor.   Here the will of John W. Jones gave his widow power to sell the property and to loan the proceeds of such sale; and, in case she did so, she was given the " aforesaid principal and interest to be used and enjoyed by her during the term of her natural life."   The will undoubtedly gave Martha Jones the right to use said property in whole or in part for her own support and comfort during her life, and the mortgaging of it for her personal use was in accord with the will.   The daughter could not therefore be wronged or prejudiced by such act.   In fact, the record shows that she wished to have that done rather than have the land or any part thereof sold.   Surely no equitable estoppel can be predicated on such transactions, and they are the only ones pleaded worthy of mention.

We reach the conclusion that the facts pleaded in both counts of the petition did not present a case for the plaintiffs, and that the demurrer should have been sustained.— *Reversed.*