CHARLES D. THORPE, Plaintiff and Appellant, v. HENRIETTA LYONES, MARY MCDOWELL, ET AL, Defendants and Appellees, and MATE D. THORPE, C. M. RIDLE and MARGARET RIDLE, Defendants and Appellants.

Estates of decedents: STATUTES: RIGHTS OF WIDOW: ELECTION: DOWER.
1  A widow's interest in her husband's estate is to be determined by the law in force at the death of the husband. Under the Code of 1873, her interest could not be affected by any provision of the husband's will unless she assented thereto, and such assent was entered of record; and the mere acceptance of a life estate would not preclude her from claiming her dower and distributive share.

Same: WILLS: ELECTION: DISTRIBUTIVE SHARE. The mere fact that the
2  widow, named as executrix in her husband's will, accepted the trust and settled the estate did not defeat her right to a distributive share in the estate, in addition to the devise to her of a life estate.

Same: ELECTION: BAR OF DOWER. Under the Code of 1873, no act or
3  declaration of the widow, short of statutory election, could defeat her right to a distributive share in her husband's estate.

Same: LIFE ESTATE: BAR OF DOWER. Under the Code of 1873, the devise to a widow of a life estate will not be construed as in lieu of her statutory rights, unless expressly so provided in her husband's will.

Same: RIGHTS OF HEIRS. A devise to the widow of a life estate in certain lands and provision for her support for a time, and her acceptance as executrix of the estate and charging herself with her support, coupled with her occupancy as a life tenancy, is not sufficient, under the Code of 1873, to deprive the widow of her distributive share in her husband's estate; and her rights in the premises may be asserted by her heirs.

*Appeal from Greene District Court.*—HON. M. E.
HUTCHINSON, Judge.

SATURDAY, JUNE 7, 1913.

ACTION in partition involving the construction of a will giving to the wife a life estate in her husband's property, and involving her right to take both the life estate and her distributive share, and involving also the question whether or not the wife elected to take the life estate bequeathed her, in lieu of her statutory rights, the rights of the parties accruing under statutes enacted prior to the statutes now in force.—*Affirmed.*

*Church & McCully* and *Wilson & Albert*, for appellants.

*Howard & Sayers* and *A. D. Howard*, for appellees, Mary McDowell and Samuel McDowell.

GAYNOR, J.—It appears from the record in this case that one Joseph Ridle died testate in the year 1890; that his will was duly admitted to probate in the same year. It appears that he was twice married; that his first wife predeceased him; that his second wife, Mary Ridle, died in the year 1909; that as a result of the first marriage, there were born six children, five of whom were living at the time of the death of his

first wife. As a result of the second marriage there were born two children, Mary Ridle, who intermarried with one Sam McDowell, and Olive Ridle, who intermarried with Allen Oakes; that said Olive Oaks, née Ridle, died in the year 1900, leaving surviving her her husband, Allen B. Oakes, and the following children: Blanche, John C., Jennie M., who intermarried with one Lawrence, Olive, Ina, Allen, and Enolia. It appears: That at the time of his death the said Joseph Ridle was the owner of one hundred and sixty acres of land, being the N. E. ¼ of section 10, township 82, range 89, in Greene county, Iowa. That in his will hereinbefore referred to he bequeathed to Mary Ridle, his second wife, the south eighty acres of said land and all pertaining thereto, including the dwelling house, one horse, a carriage, one cow, all furniture, all beds and bedding and library, and provisions for six months for herself and stock, all poultry on the farm, and one brood sow. That the bequest in the will to Mary Ridle, his second wife, was in the following language: "I give to my wife, Mary Ridle, as long as she bears my name, the south eighty acres of the N. E. quarter of section 10-82-89, in Greene county, Iowa." It appears that the said Mary Ridle continued in possession of the property so bequeathed, and occupied the same from the time of the death of her husband until her death in 1909.

This action is brought by one of the heirs of Joseph Ridle for partition of the real estate in controversy, and in this action all the living children of Joseph Ridle were made parties, and the heirs of all the dead children were joined as defendants, including the cross-petitioners herein.

This controversy involves only the south eighty of the land, hereinbefore described, which was by the will bequeathed to the second wife, Mary Ridle, so long as she bore the testator's name.

In this action for partition so brought, the defendant Mary McDowell, daughter of Joseph Ridle's second wife, and her husband, Samuel McDowell, filed an answer and cross-

petition in which they claim: That by the terms of the last will and testament of the said Joseph Ridle he devised to his second wife, Mary Ridle, mother of this cross-petitioner, so long as she should remain his widow, the S. ½ of the N. E. ¼ of section 10-82-89. That said will contained no provision that the said Mary Ridle should accept the devise in lieu of her dower interest, or distributive share in, and to the land of the deceased.

That thereafter the said Mary Ridle, widow of Joseph Ridle, continued to remain in possession and occupancy of said real estate so devised, and every part thereof, down to the time of her decease. . . . That the said Mary Ridle, widow of Joseph Ridle, departed this life in Green county ———— day of ———— month, 1909, intestate leaving surviving her as her sole and only heirs at law this cross-petitioner, Mary McDowell, and the children of said Olive Oakes. That under the provisions of the will of the said Joseph H. Ridle the said Mary Ridle, his second wife and widow, and mother of Mary McDowell and Olive Oakes, became the owner, during widowhood, of the light to use, possess, and control the real estate so bequeathed to her, and she also became, in addition thereto, the owner of her statutory right, or distributive share, in said real estate, to wit, an undivided one-third thereof, and that she continued the owner of said one-third interest therein i ı fee simple down to the time of her decease, and that she died seised of one-third interest in fee simple, and that these her children, Mary McDowell and Olive Oakes, or the heirs of Olive Oakes, became entitled upon her death to the interest so held by her in the property in controversy.

The first question for determination is, What interest in the land in controversy did Mary Ridle, second wife of Joseph H. Ridle, and the mother of this cross-petitioner, take under the will?

1. ESTATES OF DECEDENTS: statutes: rights of widow: election: dower.     It seems to be conceded that she took only a life estate, and that the will gave to her in the property in controversy only a life estate. If it were not conceded, the authorities so hold. See *Archer*

*v. Barnes,* 149 Iowa, 658, and cases therein cited. The second question is: Did she continue the possession and use of the property devised to her in the will? It seems to be conceded that she did; and, if it were not conceded so, the record in the case satisfies us that she did. She continued possession of and used the property devised to her under the will up to the time of her death.

It is stated in the stipulation of facts upon which this case was submitted "that after the death of Joseph H. Ridle she (meaning. Mary Ridle, second wife mentioned in the will) continued in possession and occupancy of the land in controversy up to the time of her death in 1909, and that she did not take possession of or use the north eighty of said quarter after the death of said Joseph H. Ridle." It is also agreed that no formal election was filed by Mary Ridle, widow, but that upon the death of Joseph H. Ridle she accepted appointment under the will as executrix, and in one of her reports, duly signed and executed by her, now on file in the probate court of the county, she charged said estate as follows: By an amount paid Mary Ridle for first six months, as provided in the will of decedent, $61.78, and that at the close of the estate she distributed the proceeds of the balance of the personal property on hand among the children of Joseph H. Ridle, deceased. We presume that the case below was tried upon the same theory as that upon which it is tried here, and that the same contentions were made before the trial court that are now urged before us. The trial court in its decree and judgment found in favor of the cross-petitioners Mary McDowell and Samuel McDowell, and the case comes to us on appeal from this finding.

The court in its decree found as follows:

The widow (meaning Mary Ridle, second wife of Joseph H. Ridle) by the terms of the will became the owner of a life estate in the entire premises, and also, said will not having

provided otherwise, she became and was the owner and entitled
to an undivided one-third of said real estate in fee simple, and
that upon her decease one-third passed to Mary McDowell,
plaintiff in the cross-petition and to the children of Olive
Oakes, deceased, they being the sole and only children of the
deceased Mary Ridle.   That the said Mary Ridle never at any
time or by any act waived or forfeited her one-third interest
in said real estate so owned by her in fee simple in addition to
said life estate.

In support of said decree, counsel for appellee urged the
following propositions: (1) That the acceptance of the life
estate by the widow did not preclude her from claiming her
statutory rights, or her rights to a distributive share, and in
support of this proposition cite the following cases: *Howard
v. Watson,* 76 Iowa, 229; *Herr v. Herr,* 90 Iowa, 538;
*Richards v. Richards,* 90 Iowa, 606; *Bare v. Bare,* 91 Iowa,
143; *Hunter v. Hunter,* 95 Iowa, 728; *In re Franke,*
97 Iowa, 704; *In re Proctor,* 103 Iowa, 232; *Warner v.
Hamill,* 134 Iowa, 279; *Archer v. Barnes,* 149 Iowa, 658;
*McGuire v. Brown,* 41 Iowa, 650; *Blair v. Wilson,* 57 Iowa,
177; *Daugherty v. Daugherty,* 69 Iowa, 677.   It will be
noticed that the testator, Joseph H. Ridle, died in 1890, and
prior to the enactment of the present statute, and the rights
of the parties to this suit are to be determined by the law
in existence at the time of his death.   At the time of the
death of Joseph H. Ridle, section 2452 of the Code of 1873
was in force, which provides: ''The widow's share cannot
be affected by any will of her husband, unless she consents
thereto within six months after notice to her of the provisions
of the will by the other parties interested in the estate, which
consent shall be entered on the proper records of the circuit
court.''   The above proposition is well sustained by the
decisions cited, as they were nearly all made under the law
existing at the time of the death of Joseph H. Ridle, and
the statute then in force was construed and applied in those
cases.

The next proposition is that where the widow is named as executrix and accepts the trust, and settles the estate, such fact will not preclude the recovery of her distributive share, in addition to the devise of the life estate. This proposition is settled *In Re Proctor*, 103 Iowa, 232, in favor of appellee's contention and other cases cited above.

2. SAME: wills: election: distributive share.

The third contention is that under the provisions of section 2452 of the Code of 1873 a widow's interest in the estate of her husband could not be affected by any provision of the will, unless she clearly and unequivocally consents thereto, and such consent was made a matter of record, and that no declaration or act of hers relative to the property, short of statutory election could operate to deprive her of her distributive share. This proposition is sustained by *Jones v. Jones*, 137 Iowa, 382.

3. SAME: election: bar of dower.

The next proposition is that, the will having devised to the wife a life estate only (not specifying that the same is in lieu of her statutory rights), such a devise was *not* in lieu of her statutory rights, unless so expressly provided in the will. This proposition is abundantly supported in the authorities above cited, and in *Byerly v. Sherman*, 126 Iowa, 447. From the stipulation on which this case was tried, as hereinbefore set out, it will be noticed that the said Mary Ridle, the second wife of Joseph H. Ridle, "*continued* in possession and occupancy in the land in controversy, up to the time of her death in 1909." There is no stipulation and no evidence that she changed her relationship to this property in the least after the death of the said Joseph H. Ridle.

4. SAME: life estate: bar of dower:

It would appear from the stipulation that at the time

of his death she was in the actual occupancy of the property

**5. SAME: rights of heirs.** in controversy; that she continued such occupancy up to the time of her death, and there is no other act shown to have been committed by her with reference to the property in controversy that would indicate in the least an intention on her part to accept the provisions of the will in lieu of her statutory rights, except perhaps the fact, shown by the stipulation, that as executrix of the last will of Joseph H. Ridle she in her report as executrix charged herself with $61.78 for support for six months as the widow of Joseph H. Ridle. This did not indicate an intention to take under the will, for, under the law, she was entitled to that much from her husband's estate for her support and maintenance. No estoppel is pleaded in this case, and no fact is shown by the evidence, or in the stipulation, that would operate as an estoppel on her to claim her distributive share in her husband's property.

In the case of *Archer v. Barnes, supra,* it appears that the husband made a will and bequeathed to his wife all of his real estate as long as she remained his widow. It appears that she received all the personal property bequeathed to her in the will, and enjoyed the use of the realty up to the time the action therein was begun, and in that case it was conceded that, under the will, she had only a life estate in her husband's property, and the court says:

If she took but a life estate, was it inconsistent with the subsequent assertion of her claim to a distributive share? We think not. As the statute then stood (being the statute under consideration here), unless a devise to the wife expressly or by necessary implication was intended to be in lieu of dower, she was not compelled to elect which she would take but was entitled to both. . . . A devise of a life estate is not inconsistent with a claim for dower, and therefore her acceptance under the will is no bar to her claim, or that of her heirs, to her distributive share in her deceased husband's estate.

Even if she managed and controlled the estate since her husband's death and enjoyed the rents and profits therefrom without mentioning her claim to a distributive share, she did not become estopped from doing so whenever she might choose. Moreover, section 2452 of the Code of 1873 declared: 'The widow's share cannot be affected by any will of her husband, unless she consents thereto within six months after notice to her of the provisions of the will . . . which consent shall be entered on the proper records of the circuit court.'

That she may use all the property during widowhood is contemplated by the will, and her possession, the leasing of the property, and the acceptance of the rents for more than twenty-five years was in accord with the estate given her under the will, and in no way inconsistent with her dower interest therein, and we are of the opinion that she was entitled to it under the will, and also to retain the undivided one-third of the realty given her by law. See, also, *Bailey v. Hughes*, 115 Iowa, 304.

In *Byerly v. Sherman, supra,* the following language is used:

No one, it seems, thought of requiring an election on the widow's part, and no one gave her notice of the terms of the will. She has six months after notice in which to make an election, and not six months after she had knowledge of the provisions of the will. She may remain passive until such notice is given.

She did not, as we have seen, make a statutory election; and, if there is any election, it must be bottomed on the theory of estoppel. Counsel have diligently gone over our cases for a decision on this point. It is contended on the one side that there cannot be an estoppel on the widow, save by following the statute, while on the other the theory of equitable estoppel as applied to wills in general is invoked. But for the statutory provision with reference to election there would be no difficulty with the case; and there are some chance expressions in our cases which seem to indicate that there may be an estoppel or an election through conduct not evidenced by any

court record. But in each and every one of these cases, which were decided under the statute now under consideration, there was some record of an election which was made the basis for the decision. . . . Suffice it to say that all the later decisions proceed upon the theory that there can be no election save as pointed out by statute.

It was held in *Baldozier v. Hughes,* 57 Iowa, 683, in effect, that no one has the right to rely upon any acts or conduct of the surviving husband or wife, not made of record in the manner required by law. That it was not the declarations or conduct of the survivor which estopped him, but the entry of record. Reference is made to the *Huston* case, reported in 62 Iowa, 291, and it is said: ''This decision is a strong one, and the decision is planted squarely upon the thought that the survivor's distributive share cannot be defeated by any conduct on his part, short of some record entry of consent. This rule has been often challenged, but never departed from. If there is any apparent conflict, it is not what is actually decided upon the facts, but in expressions used in argument, which were not necessary to the decision of the case, or because the statute now under consideration was not then under consideration.''

The case of *Mohn v. Mohn,* 148 Iowa, 288, is cited, but it appears in that case that the decision was bottomed on the fact that the widow, as executor of her husband's will, had made a report in which she said that, under the terms of the will, she was entitled to all the real estate during her life, and that she was given all the personal property of every description owned by the deceased, and this was held to constitute a sufficient election under the statute to take a life estate in lieu of her dower.

Under these decisions and the statute in force at the time the rights of these parties accrued under the will, the court did not err in finding in favor of the cross-petitioners, and did not err in holding that their mother, Mary Ridle,

did not elect to take under the will, and that at the time of her death she was entitled to a distributive share in the property in controversy. Under the present statute we would be forced to a different conclusion. The statutes now in force touching the matter in controversy are section 3270 of the Code of 1897, which provides as follows: "Any person of full age and sound mind may dispose by will of all his property, subject to the rights of homestead and exemption created by law, and the distributive share in his estate given by law to the surviving spouse, . . . but where the survivor is made a *devisee* therein, it shall be presumed, unless the intention is clear and explicit to the contrary, that such devise is in lieu of such distributive share, homestead and exemptions." Under this present statute, if the widow accepts the provisions of the will, it is presumed from the act of acceptance that she elected to take the devise made to her in the will in lieu of her statutory rights. Under the statute, as it now is, a widow is not bound to accept the bequest made to her in the will, but may reject the same and take her rights under the statute, but she cannot take both. The intention of the testator in making the devise is presumed to be in lieu of statutory rights, and when an acceptance is made under the provisions of the will she is presumed to have accepted it in lieu of her other rights, and to have waived all right, under the law, to a distributive share.

Section 3376 of the present Code provides: "The survivor's share cannot be affected by any will of the spouse, unless consent thereto is given within six months after a copy thereof has been served upon the survivor by the other parties interested in the estate, and notice that such survivor is required to elect, whether consent thereto will be given, which consent, when given, shall be in open court, or by writing filed therein, which shall be entered on the proper records thereof; but if, at the expiration of six months no

such election has been made, it shall be conclusively presumed that such survivor consents to the provisions of the will and elects to take thereunder.'' From the present statutes, it appears:

(1)   That a devise to a wife is presumed to be made by her husband, in lieu of her statutory right, unless he, in his will, clearly and explicitly indicates that it is not in lieu of her statutory rights.

(2)   That after she has notice of the terms of the will she may elect to take, and take, either the devise made to her in the will, or she may reject the same, and take the portion of her husband's estate given to her by statute, but she cannot take both.

(3)   That the right to elect vests in her immediately upon receiving notice of the will and its provisions, and until she does elect the will does not affect the rights given her by statute in her husband's estate.

(4)   That upon receiving notice of the will and of its provisions she may, upon her own motion, without notice to do so, elect to take, and take the devise made to her in the will or she may elect to take, and take the rights given her by statute. If she elects to take, and takes, the thing devised, she is presumed to have taken it in lieu of all rights to a distributive share, homestead, and exemptions.

(5)   That no time limit is fixed in the statute in which she is required to make her election, and there is nothing in the statute prescribing how this election shall be evidence, when she assumes to, and makes, her election on her own initiative.

(6)   That if she has not already made her election, and taken the thing devised to her in the will, the other parties interested in the estate, who desire that her interest in her husband's property be speedily determined and fixed, may, by serving the notice provided for in section 3376, require

her to elect whether she will take the devise made to her in the will, or whether she will take her statutory rights, and to make her election, with respect thereto, a matter of record.

(7)   That if she has not already made her election, and does not elect within six months after receiving notice from the other parties interested, as provided for in said statute, then it is conclusively presumed that she consents to the provisions of the will and elects to take thereunder.

But, as said before, the rights of these parties must be governed by the statute and law in force at the time their rights in the property accrued, and applying the law, as it then existed, to the facts as they appear in this case, we reach the conclusion that the district court did not err in its holdings, and that the decree entered was right, and the cause is therefore *Affirmed.*