## In re KOHN'S ESTATE.

No. 3434.   Decided March 27, 1920.   (189 Pac. 409.)

1. TAXATION—RESIDUARY DEVISE AND BEQUEST TO WIFE HELD IN LIEU OF DISTRIBUTIVE SHARE, AND SUBJECT TO INHERITANCE TAX. Under Comp. Laws 1917, section 6406, giving the wife one-third of the value of the husband's real property, section 6407, providing that a provision by will for the widow shall be construed to be in lieu of such distributive share unless it appears that the decedent designed it to be additional thereto, and sections 6347, 6348, and 6354, as to the construction of wills, a devise and bequest of the residue of the personal and real estate of the testator after nominal bequests to the children was in lieu of the wife's distributive share so as to prevent exemption of such share from the inheritance tax.[1]

2. TAXATION—DECREE OF DISTRIBUTION HELD TO SHOW ELECTION TO TAKE UNDER WILL. A decree providing for distribution of an estate "in pursuance of and according to the provisions of the last will of the said deceased," and then distributing it in harmony with the will, showed a waiver by the widow and executrix of her right to take under the statute and an election to take under the will.

---

[1] *In re Bullen's Estate*, 47 Utah, 96, 151 Pac. 539, L. R. A. 1916C, 670; *In re Osgood's Estate*, 52 Utah, 185, 173 Pac. 152, L. R. A. 1918E, 697; *In re Little's Estate*, 22 Utah, 204, 61 Pac. 899.

3.  EXECUTORS AND ADMINISTRATORS—EXECUTRIX BOUND TO SEE THAT
    ESTATE IS DISTRIBUTED ACCORDING TO WILL.  It is the duty of an
    executrix to see that the estate is distributed in accordance with
    the will.
4.  EVIDENCE—EXECUTRIX PRESUMED TO HAVE ADMINISTERED ESTATE
    ACCORDING TO WILL.  The presumption is that an executrix ad-
    ministered the estate in accordance with the provisions of the
    will.

GIDEON, J., dissenting.

Appeal from the District Court, Second District, Weber
County; *A. E. Pratt*, Judge.

Proceedings to collect an inheritance tax on the estate of
A. L. Kohn, deceased.  From an adverse judgment, the
State appeals.

REVERSED and REMANDED, with directions.

*Dan B. Shields*, Atty. Gen., and *O. C. Dalby, J. H. Wolfe,
H. Van Dam, Jr., D. M. Draper*, Asst. Attys. Gen., for the
State

*De Vine, Stine & Gwilliam*, of Ogden, for respondent.

FRICK, J.

This proceeding was commenced in the district court of
Weber county, Utah, on behalf of the state to subject the
one-third interest of the real estate owned by one A. L. Kohn,
deceased, at his death to the payment of the inheritance or
transfer tax imposed by the laws of this state.

A. L. Kohn died testate on February 13, 1917, leaving
an estate of the value of $62,795.50, of which amount $43,850
was real estate.  He left surviving him five children and
Rosa, or Rose (written both ways in the record), Kohn, his
widow.  In his last testament, after bequeathing to each one
of the five children the sum of five dollars, he made the
following bequest:

"I give, bequeath, and devise to my wife Rose Kohn, all the rest, residue, and remainder of my personal estate, goods and chattels; and all the rest, residue, and remainder of any and all real estate, of every name and nature whatsoever, owned by me at the time of my death."

He appointed his wife as sole executrix of his will, which was duly admitted to probate, and she assumed and discharged the trust. The executrix, after administering the estate in accordance with the provisions of the will, made her final report and the estate was duly distributed. The material part of the decree of distribution reads as follows:

"That said account be allowed and settled accordingly, and that, in pursuance of and according to the provisions of the last will of the said deceased, the said property is distributed as follows to wit: Five dollars thereof to Stewart M. Kohn; $5 thereof to Philip A. Kohn; $5 thereof to George J. Kohn; $5 thereof to Sigmund Kohn; $5 thereof to Bernice R. Kohn Janney. All the rest, residue, and remainder of the personal estate, goods, and chattels, and all the rest, residue, and remainder of any and all real estate of every name and nature whatsoever belonging to said estate, to Rosa Kohn, the widow of said deceased, and the executrix of said will."

The court also made an order fixing the amount of the inheritance tax owing to the state from said estate. In arriving at the amount of tax the court, after deducting the debts and exemptions authorized by our statute, at the request of the executrix, also deducted from the value of the real estate the sum of $14,616.60; that being one-third of its value. The amount last stated was deducted as the wife's interest in her husband's real estate pursuant to Comp. Laws Utah 1917 section 6406, under which the wife is entitled to one-third of the value of the real property owned by the husband. The state excepted to the deduction of said one-third and insists that the district court erred in that regard for the reason that the widow had elected to take under the will, and hence was not entitled to the deduction made by the court.

In *Re Bullen's Estate*, 47 Utah, 96, 151 Pac. 533, L. R. A. 1916C, 670, this court held that, where the widow takes the one-third interest of her husband's real estate pursuant to the provisions of section 6406, supra, she does not take as

an heir of her husband, and hence her one-third is not sub-
ject to the inheritance tax provided for by Comp. Laws
Utah 1907, section 1220x, which section is set forth in full in
*Re Osgood's Estate*, 52 Utah 185, 173 Pac. 152, L. R. A. 1918E,
697, and hence will not be repeated here. In the *Osgood Case*,
however, we held that, although the wife's one-third statutory
interest is exempted from an inheritance tax, yet, where she
elects to take what is provided for her in her husband's will,
she then must be regarded the same as any other devisee who
takes under the will, and the one-third interest which would
go to her under the statute is then treated as a part of the
estate and is subject to the inheritance tax. It is not neces-
sary to again state the reasons upon which the decisions
in the Bullen and the Osgood estates are based.

The state contends that this case is governed by the de-
cision in the *Osgood Case*, and therefore all of the real estate
of which the deceased died possessed is subject to the in-
heritance tax, while the executrix insists that the decision in
the *Bullen Case* controls, and hence one-third of the real
estate is exempt. The question to be determined, therefore,
is: Did the widow in this case take under the will or did
she take under both the statute and the will?

The state contends that she took under the will only, while
the executrix argues that the provision in the will by which
she was bequeathed all of the residue of her husband's estate
was in addition to her statutory one-third, and hence she
took the one-third pursuant to the statute and the residue
under the will. Comp. Laws Utah 1917, section 6407, pro-
vides:

"If the husband shall make any provision by will for the widow,
such provision shall be construed to be in lieu of the distributive
share secured by the next preceding section, unless it shall appear
from the will that the decedent, designed the testamentary pro-
visions to be additional to such distributive share, in which case
the widow shall be presumed to have accepted both such testa-
mentary provisions and such distributive share. If, however, it
does not appear from the will that its provision for the widow is
additional, then the widow shall, be conclusively presumed to have
renounced such provision, and to have accepted her distributive
share, unless within four months after the admission of the will to

probate, or within such additional time before distribution as the court may allow, she shall, by written instrument filed with the clerk of the court, accept the testamentary provision, which acceptance shall be construed to be a renunciation of her distributive share. In the event that the wife shall be insane or incompetent, or absent from the state, an election shall be made for her by a general guardian, if she have one, or by a special guardian for the purpose, appointed by the court."

In the Osgood will it was provided that—

" * * * This provision for my wife shall be in lieu of and not in addition to her statutory interest in my estate. * * * "

The testator in that case in express terms stated that the provision in the will should be in lieu of the wife's statutory interest. Such is not the case here. In this case the testator, after making the several bequests for his children, provided as follows:

"I give, bequeath and devise to my wife Rose Kohn, all the rest, residue and remainder of my personal estate, goods and chattels; *and all the rest, residue and remainder of any and all real estate, of every name and nature whatsoever, owned by me at the time of my death.*" (Italics ours.)

The state insists that from the language used by the testator it is clear that he intended the provision to be in lieu of the statutory interest, although not so stated in terms, as was the case in Osgood's will, while the executrix contends that the provision was not intended to be in lieu of her statutory interest, but in addition thereto.

Both sides invoke the rule of construction which is provided for by our statute. Comp. Laws Utah 1917, section 6347, provides:

"A will is to be construed according to the intention of the testator. Where his intention cannot have effect to its full extent, it must have effect as far as possible."

The following section reads:

"In case of uncertainty arising upon the face of a will as to the application of any of its provisions, the testator's intention is to be ascertained from the words of the will, taking in view the circumstances under which it was made exclusive of his oral declarations."

Section 6354 provides:

"The words of a will are to be taken in their ordinary and gram-

matical sense unless a clear intention to use them in another sense can be collected and that other can be ascertained."

The foregoing sections must also be considered in the light of what is said in section 6407, supra. It is there provided that—

"If the husband shall make any provision by will for the widow, such provision shall be construed to be in lieu of the distributive share secured by the next preceding section, unless it shall appear from the will that the decedent designed the testamentary provisions to be additional to such distributive share, in which case the widow shall be presumed to have accepted both such testamentary provisions and such distributive share."

The statute is clear and explicit. If the husband makes any provision in his will for his widow, the presumption arises that the provision so made is in lieu of, and not in addition to, her statutory share, and this presumption prevails unless it appears from the will itself that the provision was intended to be in addition to her statutory share. Keeping in mind the rule of construction laid down in the sections we have quoted, and that the intention of the testator must prevail, how can it in reason be contended that it appears from the will that the testator intended the provision therein made for the widow to be in addition to her statutory share? Here we have a most sweeping and comprehensive bequest in favor of the widow. We must assume that the testator was familiar with our statute relating to wills. In view of that fact, and in view of the very limited bequests to the five children out of an estate as large as that which he left, it is quite clear that he intended the bequests to the children only as notice to all that he had not intentionally omitted any of them, and had therefore complied with our statute in that regard. It no doubt was the intention of the testator to devise and bequeath his entire estate to his wife, which, to all intents and purposes, he did. He therefore gave her all he had, and hence there was not the slightest necessity for giving her anything in addition to her statutory interest. Indeed, after giving her all of his property, no necessity existed for referring to her statutory interest, since all of that was necessarily included

in the whole estate. It is needless, therefore, to contend that in making the bequest to his wife the testator intended it as an addition to her statutory share. By giving her all he had there was nothing to add to the bequest. The intention of the testator is expressed in clear and unmistakable language, and hence the presumption referred to in section 6407, supra, that the bequest was intended in lieu of, and not in addition to, her statutory interest, must prevail. It would be just as reasonable to contend that the testator did not intend what his language implies in making the bequest to his children as it is to insist that he did not intend what his words import in making the bequest to his widow. In either and in both instances his intention is expressed in language which is clear, plain, and explicit, and hence admits of no construction.

If it were assumed, however, for the sake of argument, that the will admitted of any doubt whatever respecting the testator's intention, that question was settled in making distribution of the estate. After allowing and settling the final account of the executrix, the decree of distribution provides:

"* * * And that in pursuance of and according to the provisions of the last will of the said deceased, the said property is distributed as follows, to wit."

Then, after distributing to each child the sum of five dollars, the decree provides:

"All the rest, residue and remainder of the personal estate, goods, and chattels, and all the rest, residue, and remainder of any and all real estate of every name, and nature whatsoever belonging to said estate, to Rosa Kohn, the widow of said deceased, and the executrix of said will."

It was the duty of the executrix under the law to see to it that the estate was distributed in accordance with the will. The presumption is that she administered "the estate in accordance with the provisions of the will." *Hamilton* v. *Hamilton*, 148 Iowa, 127, 126 N. W. 776. When we thus compare the provisions of the will with the decree of distribution, we find them to be in perfect harmony, and the conclusion is therefore forced upon us that the widow not only intended to and did waive her

right to take under the statute, but elected to and did take under her husband's will. Unless we disregard all rules of construction and all presumptions herein referred to such a conclusion seems inevitable.

We might end this opinion here without further comment. In view, however, that it is very earnestly contended by the executrix that under the authorities the will must be construed to the effect that the bequest in her favor is in addition to, and not in lieu of, her statutory interest, we shall briefly refer to the cases on which she relies. She cites *Byerly* v. *Sherman*, 126 Iowa, 447, 102 N. W. 157; *Jones* v. *Jones*, 137 Iowa, 382, 114 N. W. 1066; *Thorpe* v. *Lyones*, 160 Iowa, 415, 142 N. W. 82; *In re Estate of Stevens*, 163 Iowa, 364, 144 N. W. 644; *In re Shields' Estate*, 68 Misc. Rep. 264, 124 N. Y. Supp. 1003; *In re Grotrian's Estate*, 30 Misc. Rep. 23, 62 N. Y. Supp. 996; *In re Stuyvesant's Estate*, 72 Misc. Rep. 295, 131 N. Y. Supp. 197; *In re Whitney's Estate*, 171 Cal. 750, 154 Pac. 855; *In re Cowell's Estate*, 164 Cal. 636, 130 Pac. 209; *Roundtree* v. *Montague*, 30 Cal. App. 170, 157 Pac. 623. It is not necessary for us to review or to distinguish those cases. It must suffice to say that none of the foregoing cases is based upon a statute like our section 6407, supra. The decisions are based either upon statutes where the presumption respecting the widow's rights was precisely the opposite from ours or upon the common-law rule. A mere casual reading of the opinions in the cases referred to clearly shows that to be the fact. Under our statute, in case the husband makes provision in his will for the widow, such provision is presumed to be in lieu of, and not in addition to, her statutory rights, and this presumption prevails unless it appears from the will itself that the provision in the will was designed to be in addition to that right. As we have seen from the decree of distribution, the presumption in this case has become conclusive. If the executrix had elected to take her statutory interest, it would have been distributed to her in the decree of distribution. The distribution is, however, made "in pursuance of and according to the provisions of the last will of the deceased."

Distribution could not have been made in accordance with the provisions of the will unless the executrix elected to take under it and had waived her statutory right. The authorities, however, do not sustain the contention of the executrix under a statute like ours. Indeed, this court, in *Re Little's Estate*, 22 Utah, 204, 61 Pac. 899, held that under our statute, unless it appears from the will itself, that the provision therein was designed to be in addition to the widow's statutory share, the statutory presumption prevails. The court said:

"The testator disposed of all his real and personal property by will. It does not appear from the will that the decedent designed the testamentary provision for the widow to be in addition to her distributive share under section 2826."

That section is the same as section 6406, to which we have referred. In that case the widow expressly elected to take her statutory share of her husband's real estate, but she also insisted that she was entitled to one-third of the personalty for the reason that the provisions in her husband's will was intended to be in addition to her statutory share, and not in lieu thereof. The same reasons for such a construction of the will were advanced in that case that are urged in this, but the court held against the contention, although there, as here, the testator did not in express terms state in the will that the provision made for the widow was in lieu of her statutory interest. The only state, so far as we are aware, that has a statute in which the presumption is like that in section 6407, supra, is the state of Iowa. See Code of Iowa Ann. 1897, section 3270. See, also, Code of Iowa Ann. 1913, section 3376. Our section 6406 is practically a copy of McClain's Ann. Code of Iowa 1888 section 3644, while our section 6407, so far as material here, is like section 3270 of the Code of Iowa of 1897. It has accordingly been held by the Supreme Court of Iowa that the presumption prevailing at common law respecting the widow's rights in case the husband made provision in his will for her has been changed. In *Percifield* v. *Aumick,* 116 Iowa, 383, 89 N. W. 1101, the Supreme Court, while recognizing the rule at common law that a devise in favor of the wife in her husband's will, in

the absence of restrictive words, shall not be treated as made in lieu of dower, nevertheless said:

"This rule of construction is now changed by section 3270 of the present Code (Code of Iowa Ann. 1897)."

To the same effect is the case of *Keifer* v. *Gillett*, 120 Iowa, 107, 94 N. W. 270, where, after discussing the rule which prevailed at common law, it is said:

"It is to be noticed that such rule is no longer in force, having been expressly changed by section 3270 of the present Code."

While both of the decisions in the Iowa cases just cited were decided in conformity with the common-law rule for the reason that the wills there in question became effective before section 3270 was enacted, yet the court clearly held that the old common-law rule was by that section changed so that the presumption is precisely contrary to what it was at common law. In a recent case from Iowa, namely, *Schubert* v. *Barnholdt*, 177 Iowa, 232, 158 N. W. 662, it is held that it was proper to show by the acts and declarations of the widow that she took under the provisions of her husband's will, and therefore waived her statutory rights. We mention that case only to show to what extent the Supreme Court of Iowa has gone under a statute similar to ours. We do not wish to be understood as holding to that doctrine in this case, if for no other reason than that the question is not involved, and hence is not decided.

Counsel for the executrix, however, contend, if we correctly grasp their meaning, that in view that our statute provides that the presumption that the provision in the will is in lieu of the widow's statutory share prevails only in case the contrary design is not manifested in the will, the presumption has no application here, since a contrary design appears from the will. We have already sufficiently discussed that proposition. To our minds there is no possible view that can be taken of the testator's language which would lead to the conclusion that he intended or designed the provision in the will otherwise than what the language clearly implies. That being so, the district court was clearly in error when it held that the provision in the will in favor

of the executrix was in addition to her statutory share and not in lieu thereof. The state was therefore prejudiced to the extent of the deduction that was made by the court in favor of the executrix.

The judgment is therefore reversed, and the cause is remanded to the district court of Weber county, with directions to vacate and set aside its findings, conclusions of law, and judgment whereby the estate was permitted to deduct one-third of the value of the real estate and to enter findings, conclusions of law, and judgment that said one-third interest is subject to the inheritance tax, and to impose said tax upon said one-third interest in accordance with the inheritance tax statute of this state; costs to be taxed against the estate.

CORFMAN, C. J., and WEBER and THURMAN, JJ., concur.

GIDEON, J.

I cannot agree with the majority opinion in this case. As I understand the opinion, it is, in effect, held that if the testator had inserted in his will the very language found there and has added the following words: "It is my will that my wife shall take her distributive share, namely, one-third of my property, given her by the laws of the state, and the remaining two-thirds under the provisions of this will" —or words of like import, then her right to receive one-third of the real property free from the inheritance tax could not be questioned. That would, as I understand, be giving effect to the express intent of the testator, and therefore it would appear from the will "that the decedent designed the testamentary provision to be additional to such distributive share." The result to the widow with such additional words or words of like import would have been exactly the same—to give her the entire estate. Where, a certain result is obtained from the language used, and a like result would follow from different language, is it not a

reasonable and logical deduction that the intent of the testator was the same in both instances, and that such intent appears from the language used? To conclude otherwise in this case is to give effect to the evident intent of the testator by giving the entire estate to the widow, but at the same time denying the effect of the intent by contending that it does not so appear from the language of the will.

This court, in *Re Bullen's Estate,* 47 Utah, 96, 151 Pac. 533, L. R. A. 1916C, 670, says:

"What the wife receives under section 2826 (section 6406 of the 1917 Code)—one-third in fee simple of all the legal and equitable estate in real property possessed by the husband during coverture, and not relinquished by her—she receives, not as an heir of her husband, but in her own right, something which belongs to her absolutely, and of which she could not have been deprived by will or by any other voluntary act of her husband without her consent. Under that section, she is not an heir within the meaning of our intestate or succession statutes."

By the provisions of section 6406, supra, the wife is entitled to one-third of all the legal or equitable estate of real property owned by the husband during marriage and to which she has not voluntarily relinquished her right. At the threshhold, therefore, in considering the question presented by this appeal, we are met with the incontrovertible fact that both by the statute and the interpretation of the same by this court Mrs. Kohn received from her husband's estate, "not as an heir of her husband, but in her own right, something which belongs to her absolutely," namely, one-third of the legal and equitable estate in real property possessed by her husband during marriage. Nevertheless the result of the majority opinion is that, forsooth, because her husband sought to give her that which already belonged to her, and in addition that which he had a right to dispose of by will, therefore she must be subjected to an inheritance or transfer tax on that which she already had in her own right, and also upon whatever additional she received by reason of the will of her husband; in other words, her right to have this property free from an inheritance tax depends entirely upon the medium by which she receives it.

In the *Bullen Estate,* supra, in a quotation made from a Nebraska decision, is found this language:

"Strictly speaking, the widow's share should be considered as immune, rather than exempt, from an inheritance tax. It is free, rather than freed, from such tax."

The reasoning and the conclusions reached by the Nebraska court from which that quotation is taken were approved by this court in the *Bullen Case.*

In my judgment the only reasonable and consistent conclusion is, and ought to be so long as the opinion in the *Bullen Estate Case* stands as the law of this jurisdiction, that a widow is entitled to one-third of her husband's real property free from an inheritance tax, regardless of the manner and means by which she receives the same. To hold the one-third of the real property free of the tax in this case is consistent with the reasoning and decision in the *Bullen Case,* and at the same time gives effect to section 6407 of our Code.

For the reasons indicated, I dissent.