HOWARD ROSS, Appellee, v. ALLEGHANY THEOLOGICAL SEMINARY, Appellant, et al., Appellees.

**DESCENT AND DISTRIBUTION:** **Law Governing.** The right of a
1  surviving spouse to take under the will of the deceased spouse or to take a distributive one-third share is governed by the statutes existing at the time of the death of the testate spouse; likewise, the right of a corporation to take under a will.

**WILLS:** **Rights of Devisees—Election of Spouse Under Code of 1873.**
2  The fact that a surviving husband to whom the wife had devised a life estate in lands which had long been their home accepted the administratorship of his wife's estate and for a long series of years continued his possession of the lands and paid taxes and repairs on the land, without being called upon to account to anyone, is not sufficient, under Code of 1873, Sec. 2452, to estop the husband from asserting a one-third distributive share interest in the property, in lieu of said life interest.

**WILLS:** Testamentary Power—Restriction on Corporations.  A statute which limits the power of corporations which are organized under the laws of this state to take a testamentary devise will not be extended by the courts to include *foreign* corporations.

**WILLS:** Construction—Designation of Devisee.  The fact that the name of the beneficiary of a religious or charitable trust as specified in a will is different from the name of the claimant of the devise becomes unimportant, in the face of ample testimony that the designated beneficiary and the claimant are one and the same institution.  (See Book of Anno.; Vol. 1, Sec. 10049, Anno. 84.)

Headnote 1:  18 C. J. p. 809; 40 Cyc. p. 1052 (Anno.)  Headnote 2: 40 Cyc. pp. 1972, 1979.  Headnote 3:  40 Cyc. p. 1054.  Headnote 4:  40 Cyc. p. 1471.

Headnote 1:  28 R. C. L. 333.  Headnote 2: 28 R. C. L. 332.  Headnote 3:  12 R. C. L. 47; 28 R. C. L. 77.

*Appeal from Monona District Court.*—Miles W. Newby, Judge.

## October 25, 1927.

Action to quiet title to real estate.  From judgment and decree of the district court appeal is taken by the Alleghany Theological Seminary.—*Affirmed in part; reversed in part.*

*Prichard & Prichard,* for appellant.

*Underhill & Miller,* for Howard Ross, appellee.

*George E. Allen* and *F. M. Beatty,* for the Bruces, appellees.

Kindig, J.—Solution of the difficulties here involved, demands a construction of the statute of 1873 relating to the election of a surviving husband to take the benefits of his wife's will, rather than his distributive share, as well as the application of another statute of said Code, having to do with the right of an eleemosynary foreign corporation to take more than one fourth of an estate under the conditions limited.  Facts controlling the controversy are:  Frances E. Ross and her husband, Ferdinand C. Ross, were living together October 6, 1895, in Onawa, on the property involved herein, amounting to approximately eleven acres, part of which, if not all, constituted a homestead.  On said date, Frances died testate, owning said

real estate. She was survived by her said spouse and George D. and Elgin K. Bruce, her brothers, but left no children, father, or mother. Items Two and Three are the material provisions of her will. They provide:

"Item Two. To my beloved husband, Ferdinand C. Ross, during his lifetime, and subject to the conditions hereinafter mentioned, I will, devise, and bequeath the land and premises now occupied by myself and husband as a homestead * * * [that above referred to]."

"Item Three. Upon the death of my said husband, Ferdinand C. Ross, I will, devise, and bequeath to the board of trustees of the Alleghany Theological Seminary of the United Presbyterian Church of North America, located at Alleghany City, Pennsylvania, the land and premises mentioned and described in Item Two hereof, to hold or dispose of for the permanent fund of said seminary."

The testamentary document was admitted to probate March 6, 1896. However, not until September 15th in said year was the husband appointed administrator with the will annexed. Execution of this trust continued until November 29, 1919, when the cause was finally closed. As he had done before his wife's death, the husband continued to occupy said premises without interruption until his death, March 14, 1924. No notice to elect between the provisions of the will and his distributive share was ever served upon Mr. Ross. But on November 12, 1919, while still acting as such administrator, he did file written rejection of the terms of said instrument, specifically choosing to take full distributive share in all the property. If there were any rents and income received by him from the property, no accounting was ever made or demanded. Improvements and taxes were paid by said occupant during the entire period in question.

Determination of the controversy by the district court was by distributing the property as follows: One third thereof to Howard Ross, the beneficiary under the will of said Ferdinand C. Ross, deceased; one fourth to the said Theological Seminary; and five twelfths to the said Bruces, heirs at law of the said Frances E. Ross. Assignment of error demands the following consideration:

I. By the statutes in effect at the time of the death of said

1. Descent and
Distribution:
law governing.

Frances E. Ross the rights of these litigants are fixed. *Jones v. Jones*, 137 Iowa 382; *Thorpe v. Lyones*, 160 Iowa 415. All concerned concede this.

II. A life estate to the said Ferdinand was offered by the will. Did he accept? Answer to that question will decide whether or not the said Howard Ross, appellee, is entitled to the portion given him by the district court. Section 2452 of the Code of 1873, in force at the time, is controlling. Following is its language:

2. Wills: rights
of devisees:
election of
spouse under
Code of 1873.

"The widow's share cannot be affected by any will of her husband, unless she consents thereto within six months after notice to her of the provisions of the will by the other parties interested in the estate, which consent shall be entered on the proper records of the circuit court."

Appropriate statutory provision made this applicable to the surviving husband, as well. Claim is not made that Mr. Ross, or anyone for him, caused to be entered such consent upon the "records of the court." Choice, then, by him made, if any, was by conduct outside of court. Argument is to the effect that the record disclosed actions on his part sufficient to constitute an estoppel to claim the distributive share at this time. Principally, reliance therefor is placed upon continued occupancy of the premises, failure to account for the income, acceptance of the appointment as administrator, and the payment of taxes and repair costs. Subsequent statutory enactments are broader and otherwise different. Cases then decided under these later enactments furnish but little, if any, guidance for the application of the facts before us to the statute now being considered. Enlightenment at this phase of the controversy may be found in *Arnold v. Livingston*, 157 Iowa 677, wherein said distinction is recognized and said legislative differences are pointed out. Counsels' citation of authority, consequently, under more recent laws can be of little assistance here. Precedent must be sought in the former opinions of this court submitted as construction of the Code paragraph before us. With the background thus laid, the alleged estoppel will now be considered. Entire consistency exists by the long residence on the land, even though the occupant desired to retain one third thereof only, because, as a

tenant in common, this was his privilege. He was not called upon to make a choice, and until required to do so, he did not need to take the initiative. *Thorpe v. Lyones*, supra; *Byerly v. Sherman*, 126 Iowa 447. And in this capacity, it was not irregular that taxes should be paid and repairs made. So, too, if the rent and income were not in excess of the sums necessary for said uses, naturally there would be no money to pay to the other tenant, or tenants, in common. This is said, assuming, even though the record does not reveal, such income. Manifestly, the foregoing did not arise to a sufficient height to constitute evidence of said selection. *Baldozier v. Haynes*, 57 Iowa 683; *Byerly v. Sherman*, supra; *Jones v. Jones*, supra; *Arnold v. Livingston*, supra; *Thorpe v. Lyones*, supra. In *Byerly v. Sherman*, 126 Iowa 447, we said:

"Under the law as it existed at the time of her husband's death, which, of course, must control here, an affirmative act on the widow's part was necessary in order to deprive her of her distributive share. And this affirmative act was required to be evidenced in a stated manner."

Appellant has not overcome the burden of said judicial declaration. *Craig v. Conover*, 80 Iowa 355, is not in point, because there the widow signed a final report containing a statement which amounted to an acceptance of the provisions of the will. Similarly, procedure on the surviving husband's part in acting as said administrator does not amount, in the premises, under the statute now considered, to the required election. *Baldozier v. Haynes*, supra; *Jones v. Jones*, supra; *Thorpe v. Lyones*, supra. No claim is made by appellant that the surviving spouse elected to take a homestead, but rather, the contrary is argued, and therefore we give that no attention.

Other suggestions are made, but they are not sufficient to alter the result. We therefore refrain from extending this discussion. The district court was right in holding that Ferdinand C. Ross took his distributive share, and that appellee Howard Ross is now entitled thereto.

III. Finally, the investigation will be controlled by a decision of the authority of the Theological Seminary to take 3. WILLS: testamentary power: restriction on corporations. more than one fourth of the assets of the estate of Frances E. Ross. Here, as before, the guiding star is the statute of 1873, and espe-

cially Section 1101 thereof (Section 1659, McClain's Code of 1888), contained in Title IX, Chapter 2, reading as follows:

"Any corporation formed under this chapter shall be capable of taking, holding, or receiving property by virtue of any devise or bequest contained in any last will or testament of any person whatsoever; but no person leaving a wife, child, or parent, shall devise or bequeath to such institution or corporation more than one fourth of his estate after the payment of his debts, and such devise or bequest shall be valid only to the extent of such one fourth."

At the threshold, it is said that the enactment does not include a surviving husband; but, because of the disposition to be made of the case, we find it not necessary to give further consideration to this subject.

Reverting again to the quotation last above, notice will at once be taken that there is limited application. That is to say, the scope of the provision is confined to "any corporation formed under this chapter." Said "chapter" related only to domestic corporations, and, by the very restriction, foreign corporations were impliedly, if not expressly, eliminated. *In re Will of Lampson*, 161 N. Y. 511 (56 N. E. 9); *Healy v. Reed*, 153 Mass. 197 (26 N. E. 404). Extension of the range of this legislation is not to be made beyond the express language used. *Rine v. Wagner*, 135 Iowa 626; *Randleman v. Williams*, 196 Iowa 538. That this law applies to a foreign institution has been doubted. In *Rine v. Wagner*, supra, we said:

"The limitation * * * is upon a devise 'to such institution or corporation;' that is to say, to one formed under the chapter in which the act is found. * * * There is much doubt about the statute in question, applying to foreign associations or corporations."

More recently, said Section 1101 of the Code of 1873 was changed to read:

"No devise or bequest, however, to a corporation organized under the chapter relating to corporations not for pecuniary profit, or to a foreign corporation of a similar character, * * * ." Section 3270, Code of 1897.

Apparently, therefore, because of the doubt expressed by judicial decision the substituted act was deemed necessary, in order to include "foreign, as well as domestic corporations."

Lack of power to add language to and extend the boundary line of said Section 1101 of the Code of 1873 prevents us from arbitrarily including "foreign corporations" when the text of the act is conspicuous for said omission.

The district court was in error, then, when it limited the amount of the particular gift to one fourth of said property; for, under the proper construction of said section, as herein indicated, the Theological Seminary was entitled to the remaining two thirds thereof.

IV.   Furthermore, it is urged by the Bruces that, even though the above be true, yet said donee is not entitled to the property, for the reason that the beneficiary named in the will
4. WILLS: construction: designation of devisee.  is the board of trustees of the Alleghany Theological Seminary of the United Presbyterian Church of North America, located at Alleghany City, Pennsylvania; while the same now is claimed under the name of the "Pittsburg Theological Seminary of the United Presbyterian Church of North America." Alleged basis for this argument is that the evidence shows the procedure to make such change in name was by judicial decree, rather than by amendment of the articles of incorporation, as provided by the laws of Iowa.   Insistence is made that the attempt was futile, and amounted to nothing, because it must be presumed, in the absence of showing to the contrary, that the laws of Pennsylvania in this respect are similar to those of this state. Too much importance has been placed upon the effect of this part of the record.   Result will be the same either way, by virtue of those facts.   Only one, and in truth the same, corporate entity is referred to in either event.   Unimportant is the designation by which it is known to the world, so long as the identity is certain.   If the new name was not acquired, then the old is still retained.   Nevertheless, there is ample evidence that the recipient of the gift provided in the will is the seeker therefor in this action.

Other propositions are urged, but they are of such character that they do not affect the result, and further review of them need not now be made, in view of the conclusion reached.

Accordingly, the action of the district court in giving one third of said property to the said Howard Ross is affirmed, but that court's judgment and decree in limiting the right of the

Theological Seminary to one fourth of said property only, and giving the remaining five twelfths thereof to the Bruces, is reversed and remanded, with directions to enter a judgment and decree in said cause giving to said seminary the entire remaining two thirds of said property; one third of the costs to be taxed to appellant, Theological Seminary, and two thirds to the Bruces.—*Affirmed in part; reversed in part.*

EVANS, C. J., and STEVENS, FAVILLE, and ALBERT, JJ., concur.

WAGNER, J., takes no part.